REID, Judge.
This is a suit by Anthony J. Guarisco, John J. Guarisco and Roland A. Verret, Jr. seeking an order to require the defendant to cause a directional survey of an oil well completed and operated by the defendant in St. Mary Parish and designated as #1 Kursweg Well. Plaintiffs allege that a permit to drill the well was originally issued to Jett Company, Inc. by the Commissioner of Conservation of the State of Louisiana, but that under an amended permit drilling operations were taken over and completed by the defendant on July 19, 1961. Plaintiffs further allege that no directional survey was made as required by Section XVIII of Order 29-B of the Commissioner of Conservation of the State of Louisiana, despite the fact that the well had a surface location less than 300 feet from the property line of a *305 portion of ground owned by plaintiffs and was drilled to a depth considerably more than 4,000 feet. Plaintiffs also allege that despite the provisions of LSA-R.S. 30:14 the Commissioner of Conservation has failed to bring suit to restrain the defendant from continuing to violate the provisions of said State Wide Order No. 29-B and that availing themselves of LSA-R.S. 30 :16 they have brought this suit.
State Wide Order No. 29-B contains the following:
“All new wells that have surface locations 300 feet more or less from any property or unit line and that reach a depth or (sic) 4,000 feet or more shall, beginning with the effective date of this order, have directional surveys made to the total depth of the hole before setting final string of casing.”
LSA-R.S. 30:14 provides in pertinent part:
“Whenever it appears that a person is violating or is threatening to violate a law of this state with respect to the conservation of oil or gas, or both, or a provision of this Chapter, or a rule, regulation, or order made thereunder, the commissioner shall bring suit to restrain that person from continuing the violation or from carrying out the threat * *
LSA-R.S. 30:16 provides in pertinent part:
“If the commissioner fails to bring suit within ten days to restrain a violation as provided in R.S. 30:14, any person in interest adversely affected by the violation who has notified the commissioner in writing of the violation or threat thereof and has requested the commissioner to sue, may bring suit to prevent any or further violations, in the district court of any parish in which the commissioner could have brought suit * *
The depositions of Mr. Anthony J. Guarisco were taken and attached thereto were the following:
1. Copy of letter dated March S, 1963 from the Department of Conservation to Mr. Guarisco, in which the Commissioner, through his Chief Engineer, Mr. Winfiele, stated with reference to plaintiffs’ request that the defendant be required to cause a directional survey to be run, the following:
“You may ask that the Department of Conservation require a directional survey to be run on the J. C. Trahan, Drilling Contractor, Inc. — No. 1 Kurz-weg Well. This office has contacted J. C. Trahan, Drilling Contractor, regarding your request and we have secured a copy of a computed survey run in combination with a dip meter survey done by Schlumberger Well Surveying Corporation. This survey was run to a depth of 13,100 feet. At that depth the hole was heading in a southeasterly direction away from your property. At the 13,100 foot depth the well bore was 223 feet south and 196 feet east of the nearest corner of your property which is 297 feet southeasterly of your property. Assuming a complete reversal in direction of the well bore and assuming that the vertical deviation increased to 3°, which would be almost a full degree higher than the last recorded deviation (which is unlikely) the location of the well bore at the said depth could not be nearer than 224 feet southeast of the nearest corner of your property. It is our feeling that the hole continued to drift in a southeasterly direction for some depth below 13,100 feet and that the bottom of the hole is actually further than 224 feet from the nearest corner of your property.
“For your additional information, J. C. Trahan, Drilling Contractor, Inc. informs us that they did not assume operation of the well until casing point at 13,100 feet. Until that time, Jett Drilling Company, Inc. had been operator. They further state that it was *306 not until after the well had been completed and the unit surveyed that they learned of the existence of other ownerships of some land which they had considered to be owned by the Kurz-wegs and subject to their lease.
“Further, the directional log showed this hole at 13,100 feet to be 63.57 feet south and 29.47 feet west of the reference point which was taken at a depth of 2995 feet and which is assumed to be the same as the surface location. It is possible that the bottomhole location of this well may be less than 300 feet from your property, but it is our feeling that under no construction of the data that we have can the bottom of the well be under your property. Rather, it is our feeling that it is further removed from your property than the location of the hole at 13,100 feet.
“For these reasons, we do not believe that it would be proper for this Department to require the operator to run an additional survey on this well.”
2. Copy of letter dated August 20, 1963 from Rolfe N. McCollister, Attorney for the Department of Conservation, to Mr. Joseph McCloskey, .stating:
“We have advised the Commissioner that Section XVIII of Order 29-B gives him discretionary authority to require a directional survey.
“Furthermore, the staff advises us that a directional survey would not protect any right of Mr. Guarisco. In view of this, it would not be our recommendation to the Commissioner to require a directional survey in this instance.
“If you can furnish us information that would indicate that some right of Mr. Guarisco’s would be protected by a directional survey, we would be happy to reconsider our recommendation.”
3. Copy of the Schlumberger log survey referred to by Mr. Winfiele which contains the following remark on the reverse thereof:
“Any directional computations made from the dipmeter log must be regarded as approximate only. This is because the dipmeter log indicates the orientation of the instrument itself, rather than the direction and amount of the well drift. Therefore, we do not and cannot guarantee the accuracy of each directional computations, and we shall not be liable or responsible for any loss, costs, damages or expenses incurred or sustained that may result from any such computations.”
The depositions of Mr. Guarisco pointed out that plaintiffs had not executed leases affecting the small acreage owned by them and included in the unit in question; that Mr. Guarisco had attended the hearing held on March 26, 1962 relative to the creation of the unit; and that plaintiffs had not appealed from the Order then issued and said order, as amended March 20, 1963, was still in effect.
Exception of no right of action was filed by the defendant asserting that the Commissioner of Conservation of the State of Louisiana is by law vested with exclusive jurisdiction and discretionary authority to order or not to order a directional survey and that since he had not seen fit to do so plaintiffs’ remedy, if any, must be asserted in a direct action before proper tribunal against the Commissioner, and alternatively defendant alleges that a survey of the well acceptable to the Commissioner was made. At the same time the defendant also filed a motion for summary judgment. Attached to the exception was a copy of Order No. 389-A-2 dated March 26, 1962 concerning the creation of drilling units in the Ramos Field, St. Mary Parish, and amended Order No. 389-A-3 dated March 20, 1963, together with various maps showing the ownership in the units including the small acreage owned by plaintiffs.
*307 At the time of the hearing on the exception the defendant moved to introduce the documentary evidence attached to the exception, as described above. Plaintiffs objected on the grounds that the same was irrelevant and immaterial. The Court overruled the objection and for written reasons assigned the exception of no right of action was maintained and plaintiffs’ suit dismissed at their cost It is from this judgment this appeal has been taken.
This Court feels that the Trial Judge very ably covered the crux of this litigation and we quote below a portion of his well written Reasons for Judgment:
“The defendant contends that the provisions of LSA-R.S. 30:12 are the ones that restrict plaintiffs’ right only to seek a review of the Commissioner’s ruling.
The pertinent parts of these provisions are:
“An interested person adversely affected by any law of this state with respect to conservation of oil or gas, or both, or by a provision of this Chapter, or by a rule, regulation, or order made by the commissioner hereunder, or by an act done or threatened thereunder, and who has exhausted his administrative remedy, may obtain court review and seek relief by a suit for an injunction against the commissioner as defendant. Suit shall be instituted in the district court of the parish in which the principal office of the commissioner is located and shall be tried summarily.”
“Documentary evidence shows that the Commissioner conducted a hearing for the establishment of a pooling unit around this well, and that in connection therewith he accepted the log of Schlumberger Well Surveying Corporation of a computed survey, in combination with a dipmeter survey, of the well, to a depth of 13,100 feet, as meeting his requirement for a directional survey.
“The matter under consideration is an exception of no right of action filed by the defendant. At the hearing of the exception the plaintiffs objected to the admissibility of the documentary evidence tendered by the defendant on the ground that it was irrelevant and immaterial. The Court withheld its ruling until it could become more familiar with the issues. It now appears that the tendered evidence is material and should be admitted. The objection should therefore be overruled.”
This Court is in complete accord with this finding of the Trial Judge.
The Trial Judge further held:
“But the plaintiffs contend that Schlum-berger’s survey is not the directional survey required. This is the crux of the controversy. It bases this contention principally upon the ground that there is written on the log (the remarks already quoted in full herein).
“In spite of these remarks, the Commissioner wrote to Mr. Amthony J. Guarisco, one of the plaintiffs, on March S, 1963 (quoted in full above) that at 13,100 feet the log showed' that the well bore was 223 feet south and 196 feet east of the nearest corner of his property, which is 297 feet southeasterly of the property. By noticing the inclination of the last recorded vertical deviation, it was his opinion that the bottom of the well could not be nearer than 224 feet from the plaintiffs’ property and that under no construction of the data could it be concluded that the well was bottomed under the property.
“The acceptance of this data by the Commissioner is what the plaintiffs are contesting.
*308 “In performing this function the Commissioner was discharging an administrative duty. Our conservation laws vest him with such duties. The principal provisions which do so are found at LSA-R.S. 30 :1, et seq.
“Our Supreme Court has consistently recognized this investiture of power and upheld its validity. See Hunter Co., Inc. et al. v. McHugh, 202 La. 97, 11 So.2d 495, and O’Meara et al. v. Union Oil Co. of California, 212 La. 745, 33 So.2d 506.
“It is obvious, therefore, that plaintiffs’ complaint is that the Commissioner wrongfully discharged an administrative duty, (in accepting Schlumberger’s survey as a directional survey) and not that the defendant is violating an ■order of the Commissioner. Their remedy, therefore, is to challenge the Commissioner’s ruling under LSA-R.S. 30:12, and not to proceed directly •against the defendant under LSA-R.S. .30:16.
“If the plaintiffs can proceed as they •did, in disregard of the specific remedy provided for them in Section 12, there would be little, or no, purpose for the enactment of the statute.
“But it is obvious that the statute has a very definite and useful purpose. 'Certainly, the Commissioner is in a much better position, and has the specific duty, to defend his orders and his rulings, than is a third person. It is logical, therefore, that a procedure to question his rulings should be brought against him directly, and, in the Court of the Parish in which he has his principal office.
“The plaintiffs are therefore without right to proceed against the defendants to compel him to defend the Commissioner’s action in accepting the survey mentioned as meeting the requirements ■of his Order 29-B by the simple expediency of alleging that the defendant is operating the well in violation of the order.
“For these reasons, therefore, defendant’s exception of no right of action is maintained and plaintiffs’ suit is dismissed at their costs.”
This Court has examined the record and the plaintiffs’ brief and finds nothing in either of them which in its opinion reflects upon the correctness of the Trial Court’s opinion.
For the above and foregoing reasons the judgment of the Trial Court is affirmed.
Affirmed.